## Simonton and others v. Rohm and others.

Where a judgment has been rendered more than thirty days prior to the first day of the next term of the supreme court, appellant is not bound, under the act of 1885, to serve notice of appeal twenty days before such term, and file and docket the cause by the third day of such term, or procure an extension of the time for cause; he has the two months given by section 6 of the act within which to take his appeal.

*Appeal from County Court of Eagle County.*

Motion to dismiss appeal.

Messrs. Brown and Glenn, for appellees, *ex parte.*

Per Curiam. This is a motion by the appellees to dismiss the appeal, on the ground that the appellants failed to comply with the requirements of sections 10 and 11 of the act of April 23, 1885, in relation to appeals to the supreme court. Laws 1885, p. 352.

These sections are as follows:

"Sec. 10. The notice of appeal must be served at least twenty days before the first day of the next term of the supreme court; provided, the judgment or order appealed from was rendered not less that thirty days prior to the first day of such term. And the cause must be filed and docketed not later than the third day of such term, unless the court shall, for good cause shown, extend the time. If the appeal is taken less than twenty days before the term, it must be so filed and docketed before the next succeeding term.

"Sec. 11. If the appellant fails to file the transcript required above, and have the cause docketed, as provided in the preceding section, or fails to get the time extended by showing good cause for the delay, the appellee may file a certified copy of the judgment or order appealed from, and of the notice served on the clerk of the court below, and, on motion, have the appeal dismissed, or the judgment or order appealed from affirmed."

In the present instance, the judgment appealed from was rendered more than thirty days prior to the last regular term of this court, which was the April term thereof; and the failures alleged against the appellants are that they did not serve their notice of appeal at least twenty days before the first day of the April term, and that they neither had the cause filed and docketed by the third day of that term, nor procured an extension of the time therefor. Appellees now present a certified copy of the judgment appealed from, and the notice of appeal, as provided by section 11, and move that the appeal be dismissed, and the judgment of the county court be affirmed.

If the sections quoted contained all the provisions of the act bearing upon the right of appeal, and the time allowed within which this right may be exercised, we would be compelled to sustain this motion and dismiss the appeal. But a previous section (section 6) provides that "Appeals from the district, county and superior courts may be taken to the supreme court at any time within two months from the rendition of the judgment or order appealed from, and not afterwards." While there is a seeming conflict in the provisions of these several sections, yet they are not irreconcilable, and they are capable of a construction that will enable this court to give effect to the evident purpose and intent of the legislature. The provisions of the act being thus construed, section 6 gives to all litigants entitled to appeal two months from the rendering of the judgment or order appealed from within which to perfect their appeals; but they may perfect the same in a shorter period of time, if they desire to do so, and thereby, in some cases, make the appeal returnable at an earlier term of this court.

The provisions of section 10 determine the term of court to which appeals are returnable. When the judgment is rendered thirty days prior to a regular term of the supreme court, and the notice of appeal is served

twenty days before such term, a transcript of the judgment or order appealed from, together with the notice of appeal, must be filed in this court, and the cause docketed, not later than the third day of such term, unless the time therefor be extended by the court. But the fact that a term of this court occurs thirty days after the rendition of a judgment was evidently not intended to curtail the full time, prescribed by section 6, within which an appeal may be perfected. The full time allowed by the statute may be taken, at the option of the appellant.

The motion to dismiss is denied, and the cause ordered to be stricken from the docket.

*Motion denied.*